IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TERRY PARKS, | Cause No. CV 20-111-M-DLC-KLD |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| STATE OF MONTANA, MONTANA DEPARTMENT OF CORRECTIONS, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This matter comes before the Court on pro se Petitioner Terry Parks'
Amended Petition for habeas corpus relief, Addendum, and Exhibits, challenging a
judgment of conviction handed down in Montana's Fourth Judicial District,
Missoula County.  See, (Docs 5, 5-1, and 5-2.)   Following a review of Parks'
Amended Petition, as well as various exhibits filed by the State, the Court directed
Parks to show cause as to why his petition should not be barred by the federal
statute of limitations and why the majority of his claims should not be dismissed as
procedurally defaulted.  See generally, (Doc. 12.)  Parks timely responded.  (Doc.
13.)

    The Court is required to screen all actions brought by prisoners who seek
relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion

1

thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  Additionally, under Rule 4 of the Rules Governing § 2254 Petitions, the Court must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *Valdez v. Montgomery*, 918 F. 3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F. 3d 1124, 1127 (9th Cir. 1998).

As explained below, Parks' petition is barred by the applicable statute of limitations and this matter should be dismissed.

## I.      Factual and Procedural Background

In 2011, a jury found Parks guilty of three violations of § 30-10-301(1)(b), Mont. Code Ann., regarding fraudulent securities transactions.  Parks was sentenced to three consecutive 10-year sentences, with 20-years suspended.  Parks timely appealed.  See, *State v. Parks*, 2013 MT 280, 372 Mont. 88, 310 P. 3d 1088 (*Parks I*).

On appeal Parks argued: the evidence was insufficient for a jury to find he committed securities fraud; he was deprived of effective assistance of counsel; and, double jeopardy protections demanded he only be convicted and sentenced to one count of securities fraud.  The Montana Supreme Court affirmed one of Parks' convictions and reversed the remaining two, finding that they were included offenses arising from the same transaction under MCA § 46-11-410(2)(a). *Parks I*,

2

at ⁋ 31.  The Court concluded there was an insufficient record before it to consider the ineffective assistance of counsel claim ("IAC").  *Id*. at ⁋ 33.  The Court also declined to review the insufficiency of the evidence and vagueness claims on plain error review because they had not been first presented in the district court.  *Id*. at ⁋ 34. The matter was remanded for resentencing.

In November of 2013, Parks was resentenced to a 10-year prison term with 5-years suspended.  Written judgment was entered on December 2, 2013.  See, (Doc. 18-3.)  Parks appealed arguing his remaining conviction should be vacated because securities fraud is not a strict liability offense, accordingly his sentence and fine should have been limited to $500.00.  Parks also attempted to again raise IAC claims.  On February 3, 2015, the conviction and sentence were summarily affirmed and Parks was advised he could raise IAC claims in post-conviction proceedings.  See, *State v. Parks*, 2015 MT 32N, 378 Mont. 538, 348 P. 3d 671 (table)(*Parks II*).

On May 3, 2016, Parks then filed a petition for postconviction relief ("PCR") in the state district court.  See e.g., (Doc. 8-15)(filing #1).  The district court denied Parks' PCR petition, on June 13, 2017.  See, (Doc. 8-60.)  Parks appealed raising seven issues: (1) the district court wrongly dismissed his PCR petition; (2) his conviction violated his right to due process because MCA § 30-10-301(1) is not an absolute liability offense and the lower court failed to give a jury

instruction regarding a "willful" mental state; (3) the courts incorrectly interpreted the mental state of "willfully" in relation to MCA § 30-10-306(1); (4) the notes at issue in the underlying criminal case did not meet the definition of "securities" under the applicable statute; (5) his trial attorney provided ineffective assistance; (6) cumulative errors warranted reversal of his conviction; and, (7) the sentence imposed was illegal.  See, *Parks v. State*, 2019 MT 242N, at ¶ 2, 398 Mont. 444, 455 P. 3d 451 (table).  The Court found that the district court properly dismissed all claims that were or could reasonably have been raised on direct appeal- Claims 1, 2, 3, 4, 6, and 7.  *Id*. at ¶ 5, citing MCA § 46-21-105(2).

In relation to his IAC claim, the Court noted the district court addressed each of the complaints Parks raised against trial counsel and determined Parks failed to show his counsel's conduct fell below an objective standard of reasonableness outlined by *Strickland v. Washington*, 466 U.S. 668 (1984).  *Id*. at ¶ 6.  The Court agreed with the lower court's assessment and found Parks' IAC claim necessarily failed.  *Id*.  The Court declined to address any issues raised for the first time on appeal and further found no basis to in fact or law to overturn the lower court's judgment.  *Id*. at ¶ 8.  The Court's decision was handed down on October 8, 2019.

## II.    Parks' Federal Habeas Petition

Parks filed his initial document, which sought to extend the federal filing period in this Court, on July 21, 2020.  See, (Doc. 1.)  He was directed to file an

amended petition.  (Doc. 2.)  Parks' Amended Petition raises the following claims:

(1) the district court and State of Montana serially ignored and violated his constitutional rights;
(2) MCA § 30-10-301 contains terms that are unconstitutionally vague, broad, and unjust;
(3) he was denied the constitutional right to effective assistance of counsel;
(4) his constitutional rights were violated when he was unjustly tried and convicted using the wrong standard; and,
(5) his constitutional rights were violated by the unreasonable and illegal sentence imposed.

See, (Doc. 5 at 7, 9, 11-12); see also, (Doc. 5-1 at 8-12.)  Because Parks' federal habeas petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this case is governed by AEDPA.  See, *Smith v. Robbins*, 528 U.S. 259, 268 n. 3 (2000).

**III.   Discussion**

In his response to the show cause order, Parks does not argue that his petition is timely under the provisions of AEDPA.  See e.g., (Doc. 13 at 2.) Instead Parks asks this Court to interpret the language of AEDPA in a reasonable and equitable manner, because not doing so, according to Parks, results in an unjust and unreasonable denial of the claims he has attempted to present in a diligent manner.  *Id*. at 2-6.

**i.   Statute of Limitations**

A one-year period of limitation applies to petitions for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. §

2244(d)(1).  AEDPA's one-year limitation period runs from the latest of:

    (A)    The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)    The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. § 2244(d)(1).  Here, subparagraphs (B) through (D) are not applicable to Parks. He has presented no argument that there were state impediments preventing him from seeking further relief, that his claims rely on a new constitutional right, or that the factual predicate for his claims was unknown at the time his conviction became final.

    The limitation period is tolled during the time period in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id*., § 2244(d)(2).  The limitation period is also subject to equitable tolling under certain circumstances.  See, *Holland v. Florida*, 560 U.S. 631, 634 (2010).

    On February 3, 2015, the Montana Supreme Court affirmed Parks' conviction and sentence. Parks then had 90 days- until May 5, 2015- to seek certiorari in the United States Supreme Court.  Parks did not seek certiorari; thus, his conviction became final on May 5, 2015.  28 U.S.C. § 2244(d)(1)(A); see also,

*Miranda v. Castro*, 292 F. 3d 1063, 1065 (9th Cir. 2002).

    **a. Statutory Tolling**

    AEDPA's statutory tolling provision suspends the one-year statute of limitations period for the amount of time a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2); see also, *Nino v. Galaza*, 183 F. 3d 1003, 1005 (9th Cir. 1999), overruled on other grounds by *Carey v. Saffold*, 536 U.S. 214 (2002).  A petitioner "bears the burden of proving that the statute of limitations was tolled."  *Banjo v. Ayers*, 614 F. 3d 964, 967 (9th Cir. 2010).

    Parks filed his state postconviction petition on May 3, 2016.  This Court previously found that Parks was entitled to statutory tolling for the time during which  his properly filed application was pending in state court. See, (Doc. 12 at 7), citing § 2244(d)(2). But because 363 days had passed between Parks' conviction becoming final and the filing of his postconviction petition, Parks only had 2 days remaining on his federal filing timeclock.

    The Montana Supreme Court affirmed the denial of Parks' postconviction petition on October 8, 2019.  Accordingly, this Court found Parks should have filed in this Court on or before Thursday, October 19, 2019.   (Doc. 12 at 7.)  But even with the benefit of statutory tolling, Parks' federal petition, filed on July 21, 2020, was untimely by nine months.  *Id*.

In his response to this Court's show cause order, Parks does not dispute this Court's analysis or calculation of statutory tolling as it applies to his case under the "prevailing view" of AEDPA.  See, (Doc. 13 at 2.)  But, Parks seems to take issue with the term "pending" contained in § 2244(d)(2).  *Id.*  Specifically, Parks asserts it is unjust and unfair to begin running the timeclock following conclusion of direct review.  Instead, Parks believes that the time period during which one is preparing a postconviction petition for collateral relief should be excluded from the one-year limitations period.  *Id.* at 3.  Parks argues that a petitioner who hastily prepares and files a collateral review petition is rewarded, while someone who diligently researches and prepares his document is in effect penalized, because the federal time clock is running against him.  *Id.* at 4.  Parks asks this court to consider an application for collateral review to be "pending" for purposes of the statute, not when the document is filed, but rather when the research and preparation of the collateral petition is underway.  *Id.*

Parks also argues that it is unfair that a petitioner is given 90-days after direct appeal for the filing of a certiorari petition, even is one is not prepared, but that no such corresponding time allowance is made in the realm of a "properly filed" postconviction petition.  *Id.*  Parks argues that the "prevailing" understanding of these provisions, and case law interpreting them, are unreasonable and should not be applied in the commonly accepted manner to his

8

case.  *Id*. at 4-5.

But Parks provides no legal support for his "reasonableness" argument.
Moreover, as Parks himself acknowledges, the "prevailing" caselaw defeats his
argument.  The statute of limitations is not tolled from the time a final decision is
issued on direct state appeal to the time the first state collateral challenge is filed
because there is no case "pending" during that interval.  See, *Porter v. Ollison*, 620
F. 3d 952, 958 (9th Cir. 2010); *Thorson v. Palmer*, 479 F. 3d 643, 646 (9th Cir.
2007); *Nino v. Galaza*, 183 F. 3d 1003, 1006 (9th Cir. 1999).  Once an application
for post-conviction review commences, it is "pending" and remains so until a
petitioner "complete[s] a full round of state collateral review."  *Delhomme v.
Ramirez*, 340 F. 3d 817, 819 (9th Cir. 2003)(citing *Biggs v. Duncan*, 339 F. 3d
1045, 1048 (9th Cir. 2003)).  Thus, the manner in which the Court applied the
statutory tolling provisions to Parks' case conforms with accepted interpretations
of AEDPA and Parks has not met his burden of establishing that he is entitled to
any different application.  His petition is untimely.

**b.  Equitable Tolling**

If after applying statutory tolling, a petition is deemed untimely, a federal
court can hear the claims only if the petitioner can establish that "equitable tolling"
should be applied.  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court
explained that, "[g]enerally, a litigant seeking equitable tolling bears the burden of

establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.  544 U.S. at 418.  To qualify for equitable tolling a circumstance must have caused a petitioner to be unable to file his federal petition on time.  The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling.  *United States v. Marolf*, 173 F. 3d 1213, 1318 n. 3 (9th Cir. 1999).  Further "[e]quitable tolling is justified in few cases."  *Spitsyn v. Moore*, 345 F. 3d 796, 799 (9th Cir. 2003).  The threshold necessary to trigger it is "very high, lest the exceptions swallow the rule."  *Miranda v. Castro*, 292 F. 3d 1063, 1066 (9th Cir. 2002).

Parks primarily relies upon his statutory tolling argument in asking this Court to consider his claims.  (Doc. 13 at 2-7.)  Alternatively, Parks requests that principles of equity and justice be considered.  *Id*. at 7.  Parks asserts he has always been diligent in pursuing his claims and fully exhausting his state remedies.  *Id*. The Court appreciates Parks' arguments but is bound by the provisions of AEDPA and the corresponding case law.  Because Parks has not made the requisite showing to support equitable tolling, this Court is precluded from considering his claims.

### c.  Conclusion

For the reasons stated above, the Court finds that the one-year limitation period expired in October of 2019.  But Parks didn't file in this Court until July 21,

2020, more than nine months too late.  Thus, his petition is barred by AEDPA's statute of limitations.

Additionally, it appears that most of Parks' claims are procedurally defaulted.  But because the Court has concluded his Amended Petition is untimely, the Court declines to consider Parks' arguments concerning procedural default.

### IV.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Parks has not made a substantial showing that he was deprived of a federal constitutional right.  Further, because his petition is time barred, reasonable jurists

would find no basis to encourage further proceedings.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Mr. Parks' Amended Petition (Doc. 5) should be DISMISSED with prejudice untimely.

2.  The Clerk of Court should be directed to enter judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Parks may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Parks must immediately notify the Court of any change in his mailing

---

[1]  Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Parks is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

address.  Failure to do so may result in dismissal of his case without notice to him.

DATED this 5th day of May, 2022.

/s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge

13