IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TERRY PARKS, | CV 20–111–M–DLC–KLD |
| Petitioner, | |
| vs. | ORDER |
| STATE OF MONTANA, MONTANA DEPARTMENT OF CORRECTIONS, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings and Recommendations on Petitioner Terry Parks' amended petition for habeas corpus relief. (Doc. 14.) Judge DeSoto recommends that Mr. Parks' petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 5) be dismissed as time-barred. (Doc. 14 at 12.) The Court agrees and will adopt Judge DeSoto's Findings and Recommendations in full.

A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, this Court reviews findings for clear error. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists when the Court is left with a "definite and firm conviction that a mistake has been committed."

1

*United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Judge DeSoto's Findings and Recommendations notified Mr. Parks of his right to object to her conclusions (Doc. 14 at 12), but he did not object.

This Court agrees with Judge DeSoto that Mr. Parks' petition is time-barred by the applicable statute of limitations. A one-year period of limitation applies to petitions for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). As relevant here, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that the one-year period runs from the date on which the criminal judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id.* § 2244(d)(1). AEDPA also contains a statutory tolling provision that suspends the one-year statute of limitations for the amount of time a "properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2).

Judge DeSoto correctly found that Mr. Parks' conviction and sentence became final on May 5, 2015, upon the expiration of time for Mr. Parks to seek certiorari in the United States Supreme Court after the Montana Supreme Court affirmed his conviction and sentence on February 3, 2015. (Doc. 14 at 6.) Mr. Parks filed his state postconviction petition on May 3, 2016, and Judge DeSoto correctly found that the statute of limitations was tolled thereafter, with two days

left on the clock.  (Doc. 14 at 7.)  The Montana Supreme Court affirmed the denial of Mr. Parks' postconviction petition on October 8, 2019.  Judge DeSoto thus correctly found that Mr. Parks should have filed his federal petition on or before October 10, 2019.[1]  (Doc. 14 at 7.)  Therefore, even with the benefit of statutory tolling, Mr. Parks' federal petition, filed on July 21, 2020, was untimely by nine months.  (Doc. 14 at 7.)  The Court concludes that the manner in which Judge DeSoto applied the statutory tolling provisions to Mr. Parks' case conforms with accepted interpretations of AEDPA and that Mr. Parks has not met his burden of establishing that he is entitled to any different application.  Additionally, the Court agrees with Judge DeSoto that Mr. Parks has not made the requisite showing to entitle him to equitable tolling.

In sum, the Court agrees that AEDPA's one-year limitation period expired in October of 2019 in this case, and because Mr. Parks did not file his federal petition until July 21, 2020, his petition is barred by AEDPA's statute of limitations.  In addition, the Court agrees with Judge DeSoto that a certificate of appealability should be denied.  Mr. Parks does not make a substantial showing that he was deprived of a constitutional right, and reasonable jurists would find no basis for

---

[1] The Court notes an apparent typographical error in Judge DeSoto's Findings and Recommendations, which states that Mr. Parks should have filed his federal habeas petition "on or before Thursday, October 19, 2019" (Doc. 14 at 7); October 10 is two days after October 8 and fell on a Thursday in 2019, while October 19 fell on a Saturday.  This typographical error does not impact Judge DeSoto's finding of untimeliness and thus does not affect the Court's acceptance of the Findings and Recommendations.

jurisdiction in this Court.  *See* 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendations (Doc. 14) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Mr. Parks' petition (Doc. 5) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because Mr. Parks has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not find debatable the Court's conclusion that Mr. Parks' petition is time-barred.

The Clerk of Court shall enter a judgment of dismissal by separate document and close the case file.

DATED this 7th day of September, 2022.

_____
Dana L. Christensen, District Judge
United States District Court